IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**KAREN PAVY**
    AND
JOHN PAVY
121 WILSHIRE AVE.
MICHIGAN CITY, INDIANA 43630

    PLAINTIFFS

    - VS. -

FOREST RIVER, INC.
55470 COUNTY RD. 1
ELKHART, IN 46514

    DEFENDANT

CASE NO.

COMPLAINT AND JURY DEMAND

---

## PRELIMINARY STATEMENT

1. This case involves claims asserted under the Indiana Uniform Commercial Code and the Magnuson Moss Warranty Act.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331.

3. The vehicle which is the subject of this dispute was acquired by Plaintiffs in Indiana and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by Defendant's authorized representative dealership in

1

Indiana; the place where the relationship of the parties arose is Indiana because the warranty obligations of Defendant were received by Plaintiffs with the purchase of the subject RV in Indiana and Defendant directly interacted with Plaintiffs in Indiana.

## IDENTIFICATION OF PARTIES

4. Karen and John Pavy are natural persons domiciled and residing in Indiana and are consumers and buyers within the meaning of applicable laws.

5. Defendant is a corporation authorized to do business and doing business in Indiana, who is a citizen of Indiana, and whose principal place of business is in Indiana, and who is a warrantor of a recreational vehicle that Plaintiffs acquired and a supplier and a merchant.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

6. This case involves a defective 2018 Forest River Isata 2400FWM recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranty and/or contract Defendant breached.

7. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

8. This claim is for breach of express and/or implied warranties and/or contract of warranty by Defendant in Indiana.

9. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs.

10. At all times relevant, Goshen RV Supercenter was a supplier and merchant and

2

an authorized representative and agent of Defendant. Goshen RV Supercenter was authorized by Defendant to act for it in all respects related to the sale and warranty repair work performed or attempted on the subject vehicle. Plaintiffs acquired the subject RV from Goshen RV Supercenter, and repair attempts upon the subject RV were made by Goshen RV Supercenter.

11. At all times relevant, Charger Enterprises was a supplier and merchant and an authorized representative and agent of Defendant. Charger Enterprises was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Repair attempts upon the subject RV were by Charger Enterprises.

12. On or about November 11, 2017 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from Goshen RV Supercenter, Goshen RV Supercenter agreed to sell to Plaintiffs, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2018 Forest River Isata 2400FWM recreational vehicle believed to bear VIN #WDAPF4CC5H9708670, and whose total cost was about $102,465.28.

13. Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract of warranty from Defendant and on advertising representations and/or warranties of Defendant.

14. The purpose of Defendant's warranty and/or contract of warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability

3

and quality of the RV, and (c) to give Plaintiffs confidence in the Defendant's representations about the subject vehicle and the vehicles Defendant designed and built, and (d) to give Plaintiffs confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

15. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems.

16. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Forest River, included, but are not limited to, Emblem Deteriorated, Awning End Caps Fell Off, Climate Control Dial Stuck, Table Base Screws Stripped, Bathroom Door Sticks, Hood Arm Bent, Charging System Inoperative , Radio Inoperative, Radio Missing Knob, Wipers Inoperative, Entry Door Opens in Transit, Tank Heaters Inoperative, Bath Fan Turns On By Itsel, Wire Harness Hanging Down, Screws Coming Through Top of Table, Linoleum Torn, Step Screws Stripped, Joint Seam Opened, Slide Out Seals Tearing, Awning Inoperative, Awning Screws Bad, Awning Paint Damaged, Taillight Screws Rusted, Steps Will Not Retract, Water Leak, Rear Levelers Inoperative, Furnace Door Screws Corrode Paint, Bedroom Window Valance Scuff, Dinette Drawer Broken, Driver Side Door Joint Not Sealed, Awning Stained, Awning Noisy, Entry Door Rattles Violently, Lg Storage Comp. Leaks & Holds Water, AM/FM Antenna Not Sufficient, Bedroom Floor Trim Missing, Bed Frame Storage Door Damaged, Wall Board Scuff, Bathroom Sink Towel Ring Screw Stripped, Unfinished Cuts Bathroom Vanity, Dinette Valance Screw Missing, Cab-over Panel Scuff , Cab-

4

over MCD Shade Adjustment, Cab-over Light Inoperative, Batt Compart Latch Screws Too Long, Driver Side Rear Cable Not Secure, Driver Side Rear Slide Screw Wrong Size, Screw Missing Exterior Storage Compart, among other things.

17. Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

18. In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranty from Forest Rive and Forest River did not perform its obligations, as set forth herein above and below.

19. Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

20. The RV went into the factory warranty authorized repair shop Goshen RV Supercenter on December 11, 2017 for about 12 days for repair of the following defects under warranty:

- Table Base Screws Stripped
- Linoleum Indentation
- Bathroom Door Sticks
- Joint Seam Opened
- Taillight Screws Rusted
- Awning End Caps Fell Off
- Radio Inoperative
- AM/FM Antenna Not Sufficient
- Entry Door Opens in Transit
- Entry Door Rattles Violently

5

Plaintiffs were not provided with a repair order documenting the repair.

21. The RV went back into the Dynamax factory warranty authorized repair shop on January 25, 2018 for about 16 days for repair of the following defects under warranty:

- Bedroom Floor Trim Missing
- Bed Frame Storage Door Damaged
- Wall Board Scuffed
- Bedroom Window Valance Scuffed
- Bathroom Sink Towel Ring Screw Stripped
- Unfinished Cuts Bathroom Vanity
- Dinette Drawer Broken
- Dinette Valance Screw Missing
- Cab Over Panel Scuffed
- Can Over MCD Shade Adjustment
- Cab Over Light Inoperative
- Linoleum Torn
- Battery Compartment Screws Too Long
- Awning End Caps Fell Off
- Driver Side Rear Cable Not Secure
- Driver Side Rear Slide Screw Wrong Size
- Screw Missing Exterior Storage Compartment
- Driver Side Door Joint Not Sealed

Plaintiffs were not provided with a repair order documenting the repair.

22. The RV went back into the factory warranty authorized repair shop Charger Enterprises on October 24, 2018 for about 24 days for repair of the following defects under warranty:

- Emblem Deteriorated
- Awning End Caps Fell Off
- Radio Inoperative
- Rear Levelers Inoperative
- Climate Control Dial Stuck
- Table Base Screws Stripped
- Linoleum Torn
- Bathroom Door Sticks
- Taillight Screws Rusted
- Join Seam Opened

6

- Hood Arm Bent
- Furnace Door Screws Corrode Paint
- Entry Door Opens in Transit

23. On January 7, 2019 the RV was back in the same factory authorized repair facility for another 41 days for repair of the following defects under warranty:

- Charging System Inoperative
- Radio Inoperative
- Radio Missing Knob
- Wipers Inoperative
- Entry Door Opens in Transit
- Tank Heaters Inoperative
- Bath Fan Turns on By Itself
- Wire Harness Hanging Down
- Screws Coming Through Top of Table
- Linoleum Torn
- Step Screws Stripped
- Join Seam Opened
- Slide Out Seals Tearing
- Awning Inoperative
- Awning Screws Bad
- Awning Paint Damaged
- Taillight Screws Rusted
- Steps Will Not Retract
- Water Leak
- Rear Levelers Inoperative
- Furnace Door Screws Corrode Paint

24. Then on November 11, 2019 the RV was back in the same factory authorized repair facility for repair of the following defects under warranty:

- Bedroom Window Valance Scuff
- Dinette Drawer Broken
- Linoleum Torn
- Awning End Caps Fell Off
- D/S Door Joint Not Sealed
- Table Base Screws Stripped
- Rear Levelers Inoperative
- Bathroom Door Sticks
- Joint Seam Opened
- Slide Out Seals Tearing
- Awning Stained

- Awning Noisy
- Radio Inoperative
- Entry Door Rattles Violently
- Entry Door Opens in Transit
- Lg Storage Comp. Leaks & Holds Water
- Water Leak
- Furnace Door Screws Corrode Paint

25. The RV is still at Defendant's authorized repair facility Charger Enterprises for warranty repairs, and has been since November 11, 2019 with no end in sight.

26. Plaintiffs had about 36-57 telephone calls with Forest River and its dealers and/or other entities for help with the RV and during most if not all of these, Plaintiffs were in Indiana. About 28-45 calls were with Defendant's authorized representative dealers in Indiana, about 8-12 calls were with Forest River.

27. In addition to the above phone calls, a series of written emails occurred between the parties, with Plaintiffs sending and receiving emails while in Indiana for most if not all of them.

28. After being in the repair shop for warranty repairs about 5 times, being out of service a total of more than 175 days and counting, and accumulating about 49 defects since its acquisition, 16 of which were attempted to be repaired more than once without success and at least 10 of which were attempted to be repaired more than 2 times, Plaintiffs lost all faith in Defendant and the ability of Defendant and its authorized representative dealers to ever get the RV fixed.

29. Forest River's warranty and/or contract of warranty on this RV proclaims that it is "a fine product in which design and construction have received the care that quality demands" and that its warranty "is indicative of our desire to stand behind our products and assure our customers' complete satisfaction" and that

8

Forest River "warrants to the original consumer purchaser … for a period of…(2) years or twenty-four thousand (24000) miles… that … this recreational vehicle shall be free of substantial defects in materials and workmanship attributable to" Forest River. In spite of that, this RV was plagued with numerous substantial defects in materials and workmanship that are the fault of Forest River.

30. Forest River promised Plaintiffs that a "repair, replacement or refund" would be provided to them if a defect was found to exist. Even though dozens of defects were found and Forest River was given numerous chances to remedy the defects, Forest River failed to do any one of those three things it promised, in spite of numerous complaints and opportunities and amounts of time to comply with Forest River's lawful obligation.

31. In spite of Defendant's obligations, when Plaintiffs complained of the inability of Defendant and its authorized warranty-repair facility to repair the vehicle, Defendant did not repair or replace or repurchase the subject vehicle.

32. Prior to filing this case, one or more other dates, Plaintiffs provided notice to Defendant about its failures to live up to its warranty and/or contract.

33. As a result Defendant breached its express and/or implied warranties and/or contract of warranty.

34. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, the RV sits at Defendant's authorized repair facility unrepaired, Plaintiffs lost all confidence in the reliability and quality of the RV, and Plaintiffs lost all confidence in Forest River as a company.

35. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

36. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

37. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

38. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

39. The defects, malfunctions, problems, and non-conformities in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs.

40. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendant to repair the vehicle's defects.

41. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

42. As a result of the above facts, Defendant breached its warranties and/or contract of warranty and/or representations with respect to the vehicle.

43. One or more of the defects, malfunctions, problems, and non-conformities in the vehicle were covered under the terms of Defendant's warranties and/or contract of warranty, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

44. Defendant and/or one or more of its authorized dealers had notices of the breaches of its express and/or implied warranties and/or contract of warranty and the defective condition of the subject motor vehicle within a reasonable time.

45. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price in an amount that shall continue to increase, including insurance, title, taxes, loan interest and more.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

46. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

47. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-

11

Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

48. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations.

49. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

50. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

### ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, repurchase and/or

rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
RONALD L. BURDGE
Attorneys for Plaintiffs
8250 Washington Village Drive
Dayton, Ohio 45458-1850
Telephone: 937.432.9500
Fax: 937.432.9503
Email: Beth@Burdgelaw.com

\\bl-dc\Data\data\Pavy, John & Karen\Core Pleadings\Core Complaint Rev 013120 bw.wpd

13